UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICARD BELTRAN,<br><br>           Petitioner,<br><br>    v.<br><br>E.K. McDANIELS,<br><br>           Respondents. | Case No.  3:12-cv-00610-MMD-VPC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a habeas petition.

The matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner did not attach the properly executed financial certificate or an inmate account statement for the past six months.

Thus, the application will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action.[1]

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 2) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

IT IS FURTHER ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

///
///
///

---

[1] With regard to timeliness, in this petition, petitioner states that he is challenging a judgment of conviction dated December 12, 2005 (dkt. no. 2-1). The papers on file and the online docket records of the Nevada Supreme Court reflect that the Nevada Supreme Court affirmed the judgment of conviction on November 8, 2006 (Case No. 46617, remittitur issued December 5, 2006), denied a postconviction petition for writ of habeas corpus that petitioner filed directly with the Nevada Supreme Court on March 5, 2008 (Case No. 51024, remittitur issued April 1, 2008), and affirmed the denial of a state postconviction petition for writ of habeas corpus on February 4, 2009 (Case No. 51959, remittitur issued March 3, 2009).
From the foregoing it would appear that the federal limitation period on any challenge to the judgment of conviction and sentence, unless otherwise tolled, has long since expired. It does not appear from the available records that the federal limitations period necessarily has expired as to any exhausted federal constitutional claim challenging the computation of petitioner's sentence. From the foregoing procedural history, it thus does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of any timeliness or exhaustion issue as to a promptly filed later petition. Nor does it appear from the available records that a dismissal of this improperly commenced action without prejudice necessarily will be with prejudice in effect. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

      The Clerk of Court shall enter final judgment accordingly in favor of respondents and against petitioner, dismissing this action without prejudice.

      DATED THIS 27th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3